# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ROBLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security<br><br>　　　　Defendant.<br>_____/ | Case No. 1:20-cv-00081-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.   INTRODUCTION

On January 16, 2020, Plaintiff Francisco Robles ("Plaintiff") filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act").[1] (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II.   BACKGROUND

Plaintiff was born on May 6, 1982, can communicate in English, completed high school

---
[1] Plaintiff also applied for disability insurance benefits (DIB), but his claim was dismissed by the ALJ based on Plaintiff's amended alleged onset date. (AR 19.) Plaintiff does not challenge the dismissal of his DIB claim.
[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 5, 6.)

and college, and previously worked as a store clerk and a janitor. (Administrative Record ("AR") 29, 30, 46, 71, 83, 97, 113, 124, 125, 250, 254, 256, 281, 297.) On August 25, 2016, Plaintiff filed claims for DIB and SSI payments, alleging he became disabled on February 12, 2013, due to anxiety, depression, hypertension, seizures, tremors, low platelets, and cataracts. (AR 83, 84, 89, 97, 98, 103, 113, 114, 124, 125, 137, 141, 147, 152, 250, 255, 281, 297.) At the hearing Plaintiff amended his alleged onset date to August 25, 2016, after his date last insured. (AR 42–46. *See also* AR 16–18, 19.)

The Commissioner denied Plaintiff's applications for benefits initially on February 14, 2017, and again on reconsideration on May 4, 2017. (AR 137–45, 147–56.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 157–73.) The ALJ conducted a hearing on June 5, 2018. (AR 37–82.) Plaintiff appeared at the hearing with his attorney and testified as to his alleged disabling conditions. (AR 47–70.)

In a decision dated December 18, 2018, the ALJ found that Plaintiff was not disabled. (AR 16–31.) Plaintiff sought review of this decision before the Appeals Council, which denied review on November 18, 2019. (AR 1–7.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

### III.  SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

## IV.     APPLICABLE LAW

**A.     Five-Step Sequential Evaluation Process Generally**

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility [for disability benefits], the Commissioner" is required to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." *Id.* § 423(d)(2)(B). For purposes of this determination, "a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in

3

substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Sequential Evaluation in the Context of Substance Addiction**

Pursuant to the Contract with America Advance Act of 1996, the Social Security Act was amended to provide that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

Under the regulations promulgated by the Commissioner, the ALJ must follow a specific analysis where substance addiction is an issue. First, the ALJ must conduct the first five-step inquiry, as set forth above, without attempting to determine the impact of substance abuse/addiction. If the ALJ finds the claimant is not disabled under the five-step evaluation, the claimant is not entitled to benefits, and there is no need to proceed further with the analysis. 20 C.F.R. § 416.935(a). If, on the other hand, the ALJ finds the claimant disabled, and there is evidence of drug addiction and/or alcoholism ("DAA"), the ALJ must proceed under the

4

sequential evaluation pursuant to § 416.935 to determine if the claimant would still be disabled absent the substance addiction/abuse. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If found disabled with the effects of substance addiction/abuse, it is the claimant's burden to show the substance addiction is not a contributing factor to his disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). A drug-addicted claimant "who presents inconclusive evidence of materiality has no incentive to stop [abusing drugs], because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated." *Id*.

## V.   THE ALJ'S DECISION

Using the five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. (AR 16–31.) More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended onset date of August 25, 2016 (step one). (AR 19.) Further, the ALJ identified several severe mental and physical impairments including alcoholism, alcoholic hepatitis, alcohol-induced pancreatitis, gastritis secondary to alcohol use, thrombocytopenia secondary to alcohol use, seizure disorder, anxiety, and depression (step two). (AR 19.) The ALJ determined that the severity of Plaintiff's impairments, including the substance abuse disorder, met Listing 12.04 (depressive, bipolar, and related disorders) (step three). (AR 20–23.) In reaching this finding, the ALJ considered the relevant medical evidence; the opinion evidence of the state agency physicians and treating associate clinical social worker ("A.S.W.") John Alvarado, to which the ALJ gave "substantial weight" and "some weight," respectively; Plaintiff's testimony; and his mother's third-party statement. (AR 20–23.) The ALJ found Plaintiff is disabled when his DAA is included.

Based on finding Plaintiff disabled and DAA present, the ALJ conducted the required second sequential evaluation to determine whether DAA is material to the disability determination. *See* 20 C.F.R. § 416.935. The ALJ found that if Plaintiff's substance abuse were eliminated, his remaining severe impairments of anxiety, depression, schizophrenia, and seizure disorder would not meet or equal a Listing. (AR 23–25.) According to the ALJ, if Plaintiff

stopped the substance abuse, he would have the residual functional capacity (RFC)[3] to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> he would be limited to occasional interaction with supervisors and co-workers, but could have no interaction with the public. He would be limited to a low-stress work environment, defined as involving only simple workplace decisions and a structured work environment with little change to the setting and routine. He would be anticipated to be off-task greater than 5 percent of the workday for his conditions. He could not climb ropes, ladders, or scaffolds and could not have exposure to workplace hazards, such as unprotected heights or dangerous moving mechanical parts. He could not operate heavy machinery, motor vehicles, or equipment that could cause injury. He could have no exposure to dangerous surfaces, such as a hot stove, griddles, open flames, welding torches. He could not cannot [sic] carry hot liquids, like delivery of coffee or soup, as part of his job duties. He could not work in proximity to large bodies of water where there would be danger of immersion. He could not have swimming as part of his job duties. He could use dangerous power tools and appliances that could cause injury only when another person would be present.

(AR 25–29.) In determining Plaintiff's RFC if he stopped his substance abuse, the ALJ considered the same evidence, including opinion evidence of the state agency physicians and the treating sources, to which at this point the ALJ assigned "substantial weight" and "limited weight," respectively. (AR 20–23.)

Next, the ALJ found that Plaintiff was unable to perform his past relevant work of stock clerk, convenience store clerk, and janitor (step four) (AR 29–30), but when DAA was excluded, he could perform other jobs that existed in significant numbers in the national economy, including dishwasher, packager, and parts picker. (AR 30–31.) Plaintiff would not be disabled if he stopped abusing substances, and therefore, DAA was a contributing factor material to the disability determination. The ALJ concluded that Plaintiff is barred from receiving SSI benefits and is not disabled as defined by the Act. (AR 31.)

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8p (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

## VI. DISCUSSION

**A. The ALJ's Inconsistent Treatment of A.S.W. Alvarado's Opinion is Not Supported by Substantial Evidence**

Plaintiff asserts that the ALJ erred in her inconsistent treatment of the opinion of A.S.W. Alvarado. (*See* Doc. 10 at 2, 8.) The Court agrees.

On May 24, 2018, A.S.W. Alvarado completed a "Mental Residual Functional Capacity Assessment" form, wherein he opined that Plaintiff would be off-task 75% of the time over the course of an eight-hour day, and that Plaintiff had marked and extreme limitations in all mental functioning other than the abilities to understand, remember, and carry out very short and simply instructions and to ask simple questions (in which Plaintiff was moderately limited). (AR 1237–38.)

In finding Plaintiff met Listing 12.04 when including his DAA, the ALJ assigned "some weight" to A.S.W. Alvarado's opinion that Plaintiff would be off-task 75% of the time and was markedly or extremely limited in most areas of mental functioning":

> For this portion of the decision, some weight is given to the opinion of the treating source John Alvarado, A.S.W., who indicated that the claimant would be off task 75 percent of the time and was markedly or extremely limited in most areas of mental functioning. (Ex 13F). While Mr. Alvarado does fails to provide much in the way of explanation for such extreme limitations, he is a treating source and had the ability to assess the claimant over a period of time, in this case roughly 5 months. More importantly, this opinion is generally consistent with the assessment of the consultants above and generally consistent with the claimant's need for repeated involuntary psychiatric hospitalizations due to his substance abuse.

(AR 22.) However, later in the decision, during the ALJ's assessment of Plaintiff's RFC when excluding his DAA, the ALJ gave "limited weight" to A.S.W. Alvarado's opinion:

> For this portion of the decision, limited weight is given to the opinion of John Alvarado, A.S.W., who indicated that the claimant was off task 75 percent of the time and markedly or extremely limited in most areas of mental functioning. (Ex 13F). As established above, such an opinion is not consistent with longitudinal record when the claimant is not engaged in substance abuse. As noted with the consultants, the claimant's functioning substantially improves when sober, and it also appears that he requires much lessor forms of treatment, specifically he does not need frequent inpatient treatment. (E.g. Ex 4F/11, Ex 11F/4-9, Ex 19F/2). In addition, while Mr. Alvarado appears to be a treating source, he formulated his

> opinion only 5 months after starting treatment with the claimant, and despite indicating that he sees the claimant weekly, there is a general lack of consistent treatment documentation with Mr. Alvarado as the signing provider. Furthermore, while this opinion does paint a picture of an extremely limited individual, it does not give actual limitations or demonstrate in which ways the claimant would be limited in his ability to work. Furthermore, little in the way of actual explanation is provided. Finally, he also fails to provide any indication of the claimant's functioning when sober compared to when he is engaged in substance abuse. Thus, this opinion is of limited value for this portion of the decision.

(AR 29.)

It is not uncommon for an ALJ to give different weight to different portions of an opinion based on the medical evidence supporting each portion of the opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). In so doing, however, "the ALJ must justify this type of seemingly inconsistent treatment." *Butler v. Colvin*, No. 3:13-CV-02156-MO, 2014 WL 6610017, at *7 (D. Or. Nov. 19, 2014).

In this case, the ALJ engaged in a different kind of inconsistent treatment. Instead of assigning different weight to different portions of A.S.W. Alvarado's opinion, the ALJ gave *different* weight to the *same* portions of the opinion at different stages of the sequential analysis. The opinion was given "some weight" when Plaintiff's DAA was part of the analysis, and "limited weight" when Plaintiff's DAA was not. (*Compare* AR 22 *with* AR 29.) Yet, A.S.W Alvarado's opinion makes no reference to Plaintiff's substance abuse, or lack thereof. Moreover, the ALJ's rationales for assignment of weight to the opinion are directly at odds with one another: the ALJ gives "some weight" to A.S.W Alvarado's opinion because "he is a treating source and had the ability to assess [Plaintiff] over a period of time, in this case roughly 5 months" (AR 22), whereas the ALJ later gives "little weight" to the opinion because "while [he] appears to be a treating source, he formulated his opinion only 5 months after starting treatment with the claimant, and despite indicating that he sees the claimant weekly, there is a general lack of consistent treatment documentation with [A.S.W.] Alvarado as the signing provider" (AR 29).

The Court therefore finds that the ALJ's proffered justification for the inconsistent treatment of A.S.W Alvarado opinion is not supported by substantial evidence. The ALJ's inconsistent treatment of the opinion, particularly A.S.W. Alvarado's finding that Plaintiff would

be off-task 75 percent of workday, is not harmless: the vocational expert ("VE") testified at the hearing that a limitation of being off-task greater than 10 percent of the workday would preclude both Plaintiff's past work and other work in the economy. (AR 71–72.) The Commissioner's brief is largely non-responsive, with the majority of it defending the ALJ's finding that Plaintiff's substance abuse was material to the issue of disability—which Plaintiff does not challenge—and the remainder directed to the propriety of assigning of "little weight" to A.S.W. Alvarado's opinion without acknowledging, much less addressing, the fact that the ALJ also gave "some weight" to that same opinion. (*See* Doc. 14.)

**B.    The ALJ's RFC Assessment is Also Materially Inconsistent With the Disability Determination**

Notably, and unmentioned by either party, the treatment of A.S.W Alvarado's opinion is not the only material inconsistency in ALJ's decision. In her RFC assessment, the ALJ included a limitation that Plaintiff would "would be anticipated to be off-task greater than 5 percent of the workday for his conditions." (AR 26.) Applying this RFC, and with the testimony of the VE, the ALJ concluded that Plaintiff was not disabled because he could perform work in the national economy such as dishwasher, packager, parts picker. (AR 30–31.) On its face, however, the RFC's "greater than 5 percent off-task" limitation could encompass the "greater than 10 percent off-task" limitation that the VE testified would in fact preclude all work, thereby rendering a finding of disability. (*See* AR 71–72.) It could also, incidentally, encompass the "75 percent off-task" limitation opined by A.S.W. Alvarado to which the ALJ, at least at one point in the opinion, gave "some weight." (*See* AR 1237.)

**C.    Remand for Further Proceedings is Warranted**

Material inconsistencies and ambiguities in the ALJ's decision generally warrant remand. *See Perez v. Astrue*, 250 Fed. App'x. 774, 776 (9th Cir. 2007) (remanding in part because the ALJ's findings were "internally inconsistent") (unpublished); *Bridges v. Colvin*, No. CV 13-5618-E, 2014 WL 1370369, at *3 (C.D. Cal. Apr. 8, 2014) (same); *Rodriguez v. Astrue*, 2011 WL 1103119, at *9 (E.D. Cal. Mar. 22, 2011) ("[R]emand for further proceedings is proper due to the ambiguity of the ALJ's decision. . . ."); *Elias v. Astrue*, No. CIV 10-244-TUC-CKJ, 2011

WL 1329967, at *1 (D. Ariz. Mar. 9, 2011), at *7 (finding the ALJ's decision not supported by substantial evidence and recommending remand because the ALJ's decision was "internally inconsistent"), *report and recommendation adopted*, No. CIV 10-244-TUC-CKJ, 2011 WL 1322083 (D. Ariz. Apr. 7, 2011); *Gonzalez v. Astrue*, No. CV 08-6957-CT, 2009 WL 577279, at *3 (C.D. Cal. Mar. 5, 2009) ("[R]emand is necessary for the ALJ to clarify the ambiguity within his opinion. . . ."); *Chenault v. Astrue*, No. CV 07-7690-E, 2008 WL 2705573, at *1-3 (C.D. Cal. July 10, 2008) (remanding because the ALJ's findings were "internally inconsistent"). *See also Regennitter v. Commissioner*, 166 F.3d 1294, 1297 (9th Cir. 1999) (materially "inaccurate characterization of the evidence" warrants remand); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir.1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion. . . ."). When ambiguities or inconsistencies in the ALJ's decision clearly arose from typographical errors, however, remand is unnecessary. *Bridges*, 2014 WL 1370369, at *3 (citing *Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 514 (7th Cir.1999) (no remand necessary where the ALJ erroneously referred to "Ex. B at 5" while intending to refer to "Exhibit B-5")).

Here, given the nature of the inconsistencies set forth above, which cannot be described as merely typographical, the Court remands the case to the ALJ to clarify the inconsistency. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision.). *See also Guerra v. Colvin*, Case No. 1:15-cv-01408-SKO, 2016 WL 5404442, at *8 (E.D. Cal. Sept. 28, 2016) ("Because the decision of the ALJ was internally inconsistent, the final decision of the Commissioner is not supported by substantial evidence and this case should be remanded to the Commissioner for further proceedings.").

### VII.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case is REMANDED to the ALJ for further proceedings consistent with this order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Francisco Robles and against Defendant Andrew Saul,

Commissioner of Social Security.

IT IS SO ORDERED.

Dated:     **February 17, 2021**                             /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE